1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILBUR ATCHERLEY,                                No.  2:13-cv-0576 KJM AC P

12                        Plaintiff,

13           v.                                        ORDER

14    J. HANNA, et al.,

15                        Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  All defendants have been served and answered the

19    Second Amended Complaint (SAC).  See ECF No. 44, 70.  Presently pending are the following

20    matters:  (1) plaintiff's request to extend the discovery deadline, ECF No. 72;

21    (2) defendants' request to depose plaintiff by videoconference, ECF No. 73; and (3) the request of

22    defendant High Desert State Prison (HDSP) to file an amended answer to the SAC, ECF No. 71.

23    These matters are addressed in turn.

24           First, due to the recent entry of four additional defendants in this case, see ECF No. 70,

25    and for the reasons set forth in plaintiff's request to extend the discovery deadline, ECF No. 72,

26    the discovery deadline is extended to August 14, 2015.  The dispositive motion deadline is

27    extended to November 20, 2015.

28           Second, pursuant to Rule 30(b)(4), Federal Rules of Civil Procedure, defendants request

1

1    authorization to take plaintiff's deposition via videoconference.  Plaintiff is incarcerated at Kern

2    Valley State Prison (KVSP) in Delano, California.  Defendants aver that permitting plaintiff's

3    deposition to be conducted by videoconference will save the California Department of

4    Corrections and Rehabilitation (CDCR) and the California Attorney General's Office time and

5    expenses that would otherwise be incurred by traveling to and from KVSP.  For good cause

6    shown, defendants' request is granted.  However, nothing in this order shall be construed to

7    require KVSP to obtain videoconferencing equipment if it is not already available.

8            Third, defendant High Desert State Prison (HDSP) requests leave to file an amended

9    answer "in order to more specifically allege lack of capacity to sue."  ECF No. 71 at 1.

10   Defendant HDSP seeks to add the following language in an amended answer, id. at 10:

11           Under Federal Rule of Civil Procedure 9(a)(2), Defendant
             specifically denies that [it] is a legal entity, capable of being sued,
12           as HDSP is an institution operated by the California Department of
             Corrections and Rehabilitation, a public entity, under California
13           Penal Code sections 5000, 5003.

14   Pursuant to this proposed language, defendant HDSP intends to file a motion for summary

15   judgment seeking its dismissal from this action.  Id. at 3.  Defendant relies on Rule 9, Federal

16   Rules of Civil Procedure, to argue that a specific denial is required at pleading before dismissal

17   may be sought on that basis.  That rule provides that a party may raise in a pleading the issue of

18   capacity to sue or be sued only by "a specific denial, which must state any supporting facts that

19   are peculiarly within the party's knowledge."  Fed. R. Civ. P. 9(a)(1)(A), and (2).

20           Defendant's pertinent legal authority is limited to a ruling in limine in a prison

21   employment discrimination case, Nehara v. State of California, Case No. 1 :10-cv-00491, ECF

22   No. 162 (E.D. Cal. March 26, 2013).  That decision, by Magistrate Judge J. Thurston, notes a

23   previous ruling by the same court dismissing the State of California and Northern Kern State

24   Prison, at the request of CDCR, because "'CDCR is a legal entity amenable to suit and maintains

25   a monetary budget separate from the State of California and against which enforcement of any

26   judgment may be had."  Id., ECF No. 162 at 2 (quoting id., ECF No. 139 at 17).  Review of the

27   quoted portion of the referenced Pretrial Order demonstrates that the court dismissed the

28   requested parties based on CDCR's representation that any judgment could be enforced against it

2

1   and because plaintiff therefore had no objection.  Id., ECF No. 139 at 17.

2          A court should freely grant leave to amend a pleading when justice so requires.  Fed. R.

3   Civ. P. 15(a)(2).  In evaluating a motion to amend, the court may consider the following factors:

4   (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4)

5   futility of amendment, and (5) prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178,

6   182 (1962).  Prejudice to the opposing party is the most critical factor.  Eminence Capital, LLC v.

7   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

8          This is defendant HDSP's first request to file an amended answer, and appears to be made

9   in good faith, although defendant clearly seeks to avoid responding to plaintiff's discovery

10  requests.  However, the delay in filing this request is significant.  On screening plaintiff's original

11  complaint pursuant to 28 U.S.C. §1915A, the court retained CDCR and HDSP as defendants

12  largely to insure that plaintiff could adequately pursue his claims under Title II of the Americans

13  with Disabilities Act (ADA), and the Rehabilitation Act (RA).  See ECF No. 4.  Thereafter,

14  HDSP was among the defendants that sought dismissal of plaintiff's ADA and RA claims on the

15  sole ground that these claims could not proceed against any defendant in his or her individual

16  capacity.  See ECF No. 31-1 at 4-5 (asserting, inter alia, that Title II applies to "public entities");

17  see also ECF No. 41at 10-1 (findings and recommendations recommending dismissal of ADA

18  and RA claims against defendants Hanna, Gricewich and Owens in their individual capacities);

19  ECF No. 42 (order adopting findings and recommendations).  HDSP could then have sought

20  dismissal on "capacity to sue" grounds, but did not.  Plaintiff has now devoted considerable time

21  in preparing discovery requests specific to HDSP and the other defendants.

22         For these reasons, the court finds that plaintiff would now be prejudiced by amendment

23  authorized for the sole purpose of paving the way for HDSP's dismissal.  Moreover, the court is

24  not persuaded that HDSP would prevail on the merits of its dismissal theory.  Defendant's limited

25  legal authority is clearly not on point.  Additionally, it is well established that "public entity"

26  defendants in Title II ADA (and RA) claims can include state prisons.  See Pennsylvania Dept. of

27  Corrrections v. Yeskey, 524 U.S. 206, 210 (1998).  Although plaintiff's current factual allegations

28  indicate that some HDSP defendants may have had more official responsibility than others in

making the challenged travel arrangements, plaintiff should remain able to obtain from HDSP any relevant discovery as to relevant underlying policies and procedures, and their implementation and assignments at HDSP in the instant case.  To permit the requested amended answer would eliminate access to this information beyond that available from the individual defendants.  The countervailing prejudice to HDSP in denying the requested amendment is di minimis; defense counsel represents all defendants and remains in the best position to ensure that plaintiff obtains all relevant information.  For these reasons, defendant HDSP's request to file an amended answer will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to extend the discovery deadline, ECF No. 72, is granted.  The discovery deadline is extended to August 14, 2015.  The dispositive motion deadline is extended to November 20, 2015.

2.  Defendant's request for authorization to take plaintiff's deposition via videoconference at Kern Valley State Prison (KVSP), ECF No. 73, is granted.  However, this authorization shall not be construed to require KVSP to obtain videoconferencing equipment if it is not already available.

3.  Defendant HDSP's request for leave to file an amended answer, ECF No. 71, is denied.

DATED: April 20, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4