UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | No. 2:13-cv-0576 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. HANNA, et al., | |
| Defendants. | |

This prisoner civil rights action proceeds on plaintiff's Second Amended Complaint (SAC), ECF No. 45, on plaintiff's claims under the Americans with Disabilities Act, the Rehabilitation Act, the First and Eighth Amendments to the United States Constitution, and supplemental state law claims. Plaintiff, who is mobility impaired, alleges that, on February 16, 2012 and March 8, 2012, defendants transported him between prisons in regular vans without disability access or equipment, causing plaintiff pain and injuries. The SAC proceeds against defendants California Department of Corrections and Rehabilitation (CDCR), High Desert State Prison (HDSP), and individual defendants Gricewich, Hanna, Owens, Garcia, Rivas, Wilson and Payne.

Presently pending are two motions to compel discovery filed by plaintiff, ECF Nos. 77, 84; and plaintiff's motion for leave to file his proposed Third Amended Complaint, ECF Nos. 82, 83, together with his request for extended time to conduct additional discovery, ECF No. 79. The

1

current discovery deadline in this action is August 14, 2015.  See ECF No. 74.  Defendants have filed a response to each motion.  See ECF Nos. 78, 80, 87, 90.

### 1. Plaintiff's Motion to Compel HDSP to Produce Documents

Plaintiff seeks production of documents responsive to his Request for Production of Documents, Set One, Request No. 6, propounded to HDSP.  This request sought the HDSP Housing Unit D8 "Isolation Logs" from February 14, 2012 through March 9, 2012, which record the departure and return times of every inmate transported to and from HDSP, Facility D-8.  Defendants objected on the basis of overbreadth, noting that the only dates relevant to this action are February 16, 2012 and March 8, 2012.  In their opposition to plaintiff's motion, defendants agree to provide the requested Isolation Logs for these two days, and state that they already provided the log for February 16, 2012.  Defendants argue that plaintiff's motion is therefore moot.  See ECF No. 78.  Plaintiff did not file a reply to defendants' opposition.

The court agrees with defendants that only those Isolation Logs for February 16, 2012 and March 8, 2012 are relevant to this action.  Accordingly, the motion (ECF No. 77) will be denied as to logs for other dates.  Because the February 16, 2012 log has already been produced, the motion is moot as to that log.  The court will grant the motion as to the March 8, 2012 log only.  If defendants have not already done so, they shall, within ten days after the filing date of this order, provide plaintiff with a copy of the Isolation Log for HDSP Housing Unit D8 for the date March 8, 2012.

### 2. Plaintiff's Motion to Compel Defendant Gricewich to Produce Documents

Plaintiff moves for an order compelling defendant Gricewich to respond to plaintiff's May 19, 2015 singular production request, which sought only a copy of the transcript of plaintiff's April 24, 2015 videotaped deposition.[1]  Defendant Gricewich objected to the request on the ground that it was unduly burdensome and the transcript is equally available to plaintiff.

---

[1] Plaintiff also complains that, at the time of his deposition, defendants' counsel objected to plaintiff's request that the deposition officer provide plaintiff, rather than the HDSP Litigation Coordinator, with a copy of the transcript for his preliminary review, so that plaintiff could then make a copy of the transcript.  However, pursuant to Federal Rule of Civil Procedure 30(e), a deposition transcript may not be certified by the presiding officer until its review by the deponent and/or any requesting party has been completed.

2

Defendant Gricewich's objection must be sustained. Plaintiff may not use the discovery process to obtain free copies of documents that are equally available to him. See Jones v. Lundy, Case No. 1:03-cv-05980-AWI -LJO PC, 2007 U.S. Dist. LEXIS 8141, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007). The Federal Rules of Civil Procedure direct deposition officers to provide a copy of a deposition transcript to the deponent or any party upon payment of reasonable charges. Fed. R. Civ. P. 30(f)(3). Nor does plaintiff's in forma pauperis status require the government to provide plaintiff with a copy of his deposition transcript. See e.g. Rodgers v. Martin, 2014 U.S. Dist. LEXIS 121528, *16 (E.D. Cal. Aug. 29, 2014) (collecting cases).

Accordingly, plaintiff's motion (ECF No. 84) must be denied. Plaintiff must contact the officer who transcribed his deposition and pay the reasonable expenses to obtain a copy of the transcript.

3. Plaintiff's Motions to File a Third Amended Complaint and for Extended Time

Plaintiff seeks leave (ECF No. 82) to file his proposed Third Amended Complaint (TAC), (ECF No. 83), in order to identify two of the defendants previously named "Does 1 through 5," and seeks an extension of the discovery deadline to obtain discovery from these new defendants, ECF No. 79. Plaintiff avers, with supporting documentation, that he learned of the identity of these new defendants – G. Garcia and M. Dangler – through discovery obtained from CDCR and defendant Gricewich.[2] The subject responses were served on plaintiff between mid-March 2015 and late May 2015. See ECF No. 82 at 9, 18, 24, 32, 38. Plaintiff's motion to amend was signed by plaintiff on June 18, 2015, and he reasonably avers that he "has been diligent in making this motion." Id. at 3.

The proposed TAC appears to be identical to the SAC with the following exceptions: (1) Paragraph 28 of the SAC (identifying "Does 1-5") has been replaced with Paragraphs 28 and 29

---

[2] In response to plaintiff's Interrogatory Nos. 8, 9, 17 and 18, defendant Gricewich identified G. Garcia as her assistant who was responsible (in tandem with Dangler) for arranging plaintiff's special transportation. See ECF No. 82 at 2, and Ex. A. In response to plaintiff's Interrogatory No.18, defendant CDCR identified Dangler as the person responsible for scheduling plaintiff's transportation on March 8, 2012. See ECF No. 82 at 2, and Ex. B. In response to plaintiff's Requests for Production Nos. 19-21, CDCR identified the duties of G. Garcia and Dangler, consistent with their alleged responsibilities in arranging plaintiff's special transportation. See ECF No. 82 at 2, and Ex. C.

1  in the TAC (identifying, respectively, defendant G. Garcia and M. Dangler); (2) the following
2  paragraphs have been renumbered accordingly; (3) Paragraphs 129 and 130 of the SAC
3  (attributing conduct generally to HDSP and CDCR) have been moved to Paragraphs 134 and 135
4  of the TAC, and new Paragraphs 130 through 133 have been added to the TAC (attributing
5  challenged conduct specifically to defendants G. Garcia and Dangler); and (4) Paragraph 137(d)
6  has been added, requesting additional injunctive relief.

7  Defendants oppose plaintiff's motion on two grounds: that plaintiff did not exhaust his
8  administrative remedies against defendants G. Garcia and Dangler, and that further amendment of
9  the complaint would be prejudicial to defendants. Plaintiff has filed a reply to defendants'
10 opposition, in which he asserts in part that he exhausted all available administrative remedies
11 against these defendants, see Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

12 When a plaintiff learns the identity of a Doe defendant through discovery or other means,
13 he may move to file an amended complaint to add the newly-named defendant. Brass v. County
14 of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). Failure to afford a plaintiff such
15 opportunity is error. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). A court
16 should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2).
17 "Leave to amend should be granted unless the pleading 'could not possibly be cured by the
18 allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v.
19 Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130, 1131 (9th Cir.
20 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). Facts alleged in an amended complaint
21 "must not be inconsistent with those already alleged." Lacey v. Maricopa County, 693 F.3d 896,
22 939 (9th Cir. 2012) (en banc). "Liberality in granting a plaintiff leave to amend is subject to the
23 qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad
24 faith, and is not futile. Additionally, the district court may consider the factor of undue delay.
25 Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v.
26 Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

27 The question whether plaintiff exhausted his available administrative remedies against
28 defendants G. Garcia and Dangler is properly assessed on a motion for summary judgment. See

Albino v. Baca, 697 F.3d 1023 (9th Cir. 2012).  This court may not assess and weigh the evidence on this matter pursuant to a motion to amend.

Defendants assert that granting plaintiff leave to amend will be prejudicial to them because they will be required to incur increased legal costs in responding to plaintiff's additional discovery; defendants may need to re-depose plaintiff concerning his allegations against Dangler and G. Garcia; and resolution of this action will be delayed.  Plaintiff responds in part that defendants could have included any questions concerning G. Garcia and Dangler in their April 24, 2015 deposition of plaintiff, because they had initially identified these putative defendants in their March 17, and March 31, 2015 discovery responses, and because plaintiff informed defendants' counsel at his deposition that he was preparing a TAC to include these defendants.

Defendants overstate the potential prejudice to them if plaintiff is permitted to proceed on his proposed TAC.  Defendants' counsel is a Deputy Attorney General in the Office of the California Attorney General.  Any increase in the costs of litigation due to the addition of these two newly-named defendants will not be imposed on defendants themselves.  The interests of justice require that this action proceed against the defendants whom plaintiff reasonably alleges were responsible for the violation of his rights.  The responsibility for pursuing the interests of justice lies with this court as well as the state of California.  Moreover, any delays in the resolution of this case are de minimis compared to the trajectory of this case to date.  This action was filed on March 22, 2013.  However, defendants CDCR, HDSP, Gricewich, Owens and Hannah answered plaintiff's Second Amended Complaint (SAC) only ten months ago, on October 21, 2014.  See ECF No. 44.  Newly added defendants S. Garcia, Payne, Rivas, and Wilson answered the SAC on April 7, 2015, less than five months ago.  ECF No. 70. As a result, the discovery deadline has been repeatedly extended in this action.

The undersigned finds good cause to grant plaintiff's motion for leave to file his proposed TAC.  The reason for amendment is to add newly-identified Doe defendants; such amendment is not futile, but promotes the interests of justice.  The facts alleged in the proposed TAC are consistent with those alleged in the SAC.  Plaintiff's motion was timely made, without evidence of undue delay or bad faith, and any prejudice to defendants will be di minimis.

Accordingly, the court will grant plaintiff's request, direct the filing of plaintiff's TAC, direct defendants to file an answer to the TAC, and reset the discovery and motion deadlines.

### 4. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, ECF No. 77, is granted in part and denied in part as specified above. If defendants have not already done so, they shall, within ten (10) days after the filing date of this order, provide plaintiff with a copy of the Isolation Log for HDSP Housing Unit D8 for the date March 8, 2012.

2. Plaintiff's motion to compel defendant Gricewich to provide plaintiff with a copy of his deposition transcript, ECF No. 84, is denied.

3. Plaintiff's motion, ECF No. 82, for leave to file to file his proposed Third Amended Complaint (TAC) is granted.

4. The Clerk of Court is directed to designate plaintiff's proposed TAC, ECF No. 83, as the operative complaint.

5. Defendants shall file a comprehensive answer to the TAC within 21 days after the filing date of this order.

6. Plaintiff's request for additional time to conduct discovery, ECF No. 79, is granted.

7. The discovery deadline in this action is extended to November 20, 2015. The deadline for filing dispositive motions is extended to February 26, 2016.

SO ORDERED.

DATED: August 13, 2015

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE