1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILBUR ATCHERLEY,                        No.  2:13-cv-0576 KJM AC P

12                 Plaintiff,

13         v.                                 ORDER

14   J. HANNA, et al.,

15                 Defendants.

16

17     I.      Introduction

18         Plaintiff is a state prisoner incarcerated at Kern Valley State Prison, under the authority of

19   the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff proceeds pro se

20   and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Presently

21   pending are the following matters:  (1) plaintiff's motion to strike a portion of defendants'

22   Answer filed September 4, 2015, see ECF No. 100; and (2) plaintiff's motion to compel

23   discovery, see ECF No. 96.  For the reasons that follow, the court denies plaintiff's motion to

24   strike, and grants in part plaintiff's motion to compel discovery.

25         This action proceeds on plaintiff's Third Amended Complaint (TAC), filed June 25, 2015.

26   See ECF No. 83 (authorized by order of this court filed August 14, 2015, see ECF No. 92).  The

27   TAC presents claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act

28   (RA), and the First and Eighth Amendments to the United States Constitution, against defendants

1

1  CDCR, High Desert State Prison, and individual defendants Gricewich, Hanna, Owens, S. Garcia,

2  G. Garcia, Rivas, Wilson, Payne and Dangler.  All defendants with the exception of recently

3  served defendants Dangler and G. Garcia, filed a comprehensive Answer to the TAC on

4  September 4, 2015.  See ECF No. 97.  Defendants Dangler and G. Garcia separately answered the

5  complaint on November 3, 2015 and December 8, 2105, respectively.  See ECF Nos. 110, 115,

6  The discovery deadline in this action is April 29, 2016, and the dispositive motion deadline is

7  July 29, 2016.  See ECF No. 98.

8      II.      Plaintiff's Motion to Strike

9          Plaintiff moves to strike the portion of defendants' comprehensive Answer to the TAC

10  filed September 4, 2015, that asserts HDSP is not a legal entity.  The challenged denial provides,

11  ECF No. 97 at 2:13-6:

12              Under Federal Rule of Civil Procedure 9(a)(2), Defendant HDSP
               specifically denies that [it] is a legal entity, capable of being sued,
13              as HDSP is an institution operated by the California Department of
               Corrections and Rehabilitation, a public entity, under California
14              Penal Code sections 5000, 5003.

15  This matter has been fully briefed.  See ECF No. 107 (defendants' opposition), and ECF No. 108

16  (plaintiff's reply).  Plaintiff asserts in pertinent part that this court previously denied defendants'

17  request to file an amended answer that would assert HDSP's alleged legal incapacity.  Defendants

18  respond that they are entitled to assert new defense arguments in a new round of pleadings, and

19  that HDSP's lack of capacity defense is not insufficient as a matter of law.

20          Federal Rule of Civil Procedure 12(f) authorizes a district court, on its own or pursuant to

21  motion, to strike from a pleading "an insufficient defense."  It is proper to strike a contested

22  defense only if the defense is insufficient as a matter of law.  Chiron Corp. v. Abbott Labs., 156

23  F.R.D. 219, 220 (N.D. Cal. 1994) (citations omitted).  "Legal insufficiency means that the

24  affirmative defense lacks merit under any set of facts the defendant might allege."  Dodson v.

25  Strategic Restaurants Acquisition Co., 289 F.R.D. 595, 603 (E.D. Cal. 2013) (citation and internal

26  quotation marks omitted).  In general, motions under Rule 12(f) are "generally regarded with

27  disfavor because of the limited importance of pleading in federal practice, and because they are

28  often used as a delaying tactic."  Neilson v. Union Bank of California, 290 F. Supp. 2d 1101,

2

1    1152 (C.D. Cal. 2003).

2          By order filed April 21, 2015, this court denied defendants' motion, under Federal Rule of

3    Civil Procedure 15, for leave to file an amended answer to the Second Amended Complaint

4    (SAC), for the sole purpose of asserting HDSP's alleged legal incapacity.  The court denied the

5    motion because it appeared that defendants sought to avoid responding to plaintiff's related

6    discovery requests directed to HDSP, and therefore because plaintiff would be prejudiced by the

7    proposed amendment at that time.  See ECF No. 74 at 3.  Although the court discussed the merits

8    of HDSP's alleged incapacity, it did not rule on the matter.

9          Thereafter, plaintiff filed his TAC.  As defendants now contend, they are entitled, in a new

10   round of pleadings, to assert all of their denials and affirmative defenses.  The automatic right to

11   respond to an amended pleading, as set forth in Rule 15, is "fundamental to due process, [and] is

12   the echo of the opportunity to respond to original pleadings secured by Rule 12."  Nelson v.

13   Adams USA, Inc., 529 U.S. 460, 466 (2000).  The defense is not insufficient as a matter of law.

14   Moreover, the merits of the defense will likely be decided pretrial pursuant to defendants'

15   intended motion for summary judgment on the matter.  See ECF No. 71 at 3; see also ECF No.

16   107 at 3.  For these reasons, plaintiff's motion to strike is denied without prejudice.

17       III.    Discovery Disputes

18       **A.** Background

19         Pertinent to the parties' discovery disputes are the following factual allegations of the

20   TAC.  On February 14, 2012, plaintiff, who is mobility impaired, was transferred from Kern

21   Valley State Prison (KVSP) to High Desert State Prison (HDSP) for a court appearance. Plaintiff

22   was transported to HDSP without incident in a specialized van.  However, on February 16, 2012,

23   despite having medical orders and chronos that his disabilities be accommodated, plaintiff was

24   transported to court in a regular van.  Plaintiff alleges, inter alia, that defendant Gricewich (at

25   KVSP) failed to notify HDSP prison officials that plaintiff's inmate appeal for specialized

26   transportation had been granted.  Plaintiff also alleges that defendants Hanna and Owens (at

27   HDSP) ignored plaintiff's efforts to show them his medical chronos and approved

28   accommodations.  Plaintiff alleges that, on February 16, 2012, defendants Hanna and Owens

1  handcuffed him using a "black box," denied him a wheelchair, and required plaintiff to use a

2  walker to walk 100-150 feet to the van and climb in (about three feet off the ground, without

3  stairs), resulting, inter alia, in injury to plaintiff's knee.

4      On March 8, 2012, plaintiff was transported from HDSP back to KVSP on a regular bus.

5  Plaintiff alleges, among other things, that defendant Dangler (at HDSP) did not perform his duty

6  to review plaintiff's special transportation needs and make appropriate arrangements prior to

7  plaintiff's transfer; that defendants Rivas, Payne and S. Garcia ignored plaintiff's medical

8  chronos and accommodations before requiring plaintiff to board the bus; and that defendants

9  Rivas and Payne threatened plaintiff with injury if he did not get on the bus.  Plaintiff alleges that

10  he again injured his knee when he climbed the stairs of the bus, and later when he fell while using

11  the restroom, causing injury to both his knee and back.

12      Based on the alleged failure of defendants to accommodate plaintiff's disabilities when

13  transporting him on February 16, 2012 and March 8, 2012, the court has found that plaintiff states

14  potentially cognizable ADA and RA claims against CDCR and HDSP, and potentially cognizable

15  Eighth Amendment claims against the individual defendants for deliberate indifference to

16  plaintiff's serious medical needs.  See ECF No. 41 (construing First Amended Complaint (FAC));

17  see also ECF No. 52 (authorizing service of SAC to add defendant Payne); ECF No. 83 (TAC),

18  and ECF No. 92 at 5-6 (authorizing filing of TAC to add newly-identified Doe defendants).  The

19  court previously found that plaintiff's FAC did not state a cognizable retaliation claim, see ECF

20  No. 41 at 11, and this matter has not been revisited by the court in construing the SAC or TAC.

21  The TAC also asserts pendant state law claims.

22      Presently before the court is plaintiff's motion seeking further responses from defendant

23  Hanna to plaintiff's Requests for Admission Nos. 10, 22, 34, 43 and 49; further responses from

24  defendant Owens to plaintiff's Requests for Admission Nos. 11, 12 and 32; further responses

25  from defendant Owens to plaintiff's Interrogatories Nos. 10, 13 and 17; further responses from

26  defendant Gricewich to plaintiff's Interrogatories Nos. 19-21, 24-5; and further discovery from

27  CDCR in response to plaintiff's Requests for Production Nos. 16 and 18.  The parties have fully

28  briefed these matters.  See ECF No. 96 (plaintiff's motion to compel); ECF No. 101(defendants'

4

1  amended opposition); ECF No. 106 (plaintiff's reply); see also ECF No. 114 (defendants'

2  amended motion to seal).  These matters are addressed ad seriatim.

3  **B.**  Legal Standards Concerning Relevance

4  Pertinent to each of the parties' discovery disputes is the relevance standard established by

5  Federal Rule of Civil Procedure 26(b)(1) (as amended eff. Dec. 1, 2015), which provides: [1]

6
7
8
9
10
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

11  **C.**  Requests for Admission[2]

12  Plaintiff seeks further responses from defendant Hanna to his Requests for Admission

13  Nos. 10, 22, 34, 43 and 49; and further responses from defendant Owens to his Requests for

14

---

15
16  [1]  Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C) (as amended eff. Dec. 1, 2015), which provides:

17
18
19
20
21
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i)  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii)  the proposed discovery is outside the scope permitted by Rule 26(b)(1).

22
23
24
25
26
27
28
[2]  Rule 36, Federal Rules of Civil Procedure, provides in pertinent part that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:  (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  If the responding party does not admit the matter, his or her answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it," and any "denial must fairly respond to the substance of the matter."  Fed. R. Civ. P. 36(a)(4).  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Id.  Any objection to a request must state the grounds for objection.  Fed. R. Civ. P. 36(a)(5).

5

1   Admission Nos. 11, 12 and 32.

2   **1.** Requests for Admission Directed to Defendant Hanna

3   a.  Requests for Admission Nos. 10 and 34 to Defendant Hanna

4   These requests, and Hanna's respective responses, are as follows:

5   Request For Admission No. 10:  Please admit that [on February 16, 2012]
    during the unclothe[ed] body search of the plaintiff, the plaintiff showed
6   you a copy of his medical Chronos, accommodation chronos and DPP
    [Disability Placement Program] chronos, on 2-16-12.
7

8   Hanna's Response:  The request is vague and ambiguous as to the terms
    "copy of his medical Chronos, accommodation chronos and DPP
9   chronos," as multiple medical chronos had been issued to Plaintiff.

10  Request For Admission No. 34: Please admit that on February 16, 2012
    during your encounter with plaintiff, that plaintiff showed you his copy of
11  medical chromos dated 8-16-11 from KVSP and also medical chronos
    from HDSP dated 2-14-12 issued by HDSP medical staff member R.
12  Miranda, Physician's Assistant (i.e. CDC 7410, 128-C3, CDC 1845 DPP
    verification).

13  Hanna's Response: The responding party has made a reasonable inquiry
    but the available information is insufficient to allow him to admit or deny
14  the request.

15  Plaintiff contends that defendant Hanna improperly objected to Request No. 10, rather

16  than simply admitting or denying that plaintiff showed him chronos on February 16, 2012; and

17  similarly that Hanna should be required to admit or deny related Request No. 34, because his

18  answer allegedly reflects no more than an attempt to avoid inconsistencies with anticipated

19  answers provided by defendant Owens.

20  The court overrules defendant Hanna's objection to Request No. 10, and finds the answer

21  to Request No. 34 inadequate.  In responding to both requests, defendant Hanna did not

22  demonstrate any attempt to "fairly respond to the substance of the matter," and "state in detail

23  why [he] . . . [could not] truthfully admit or deny" each request.  See Fed. R. Civ. P. 36(a)(4).

24  The court's assessment is underscored by defendant Hanna's responses to the following

25  interrogatories, which acknowledge that plaintiff attempted to show Hanna papers but Hanna did

26  not examine them.  However, the detail provided in response to the following interrogatories is

27  sufficiently responsive to the above-contested requests for admission that the court finds no

28  prejudice to plaintiff.  Plaintiff's Interrogatory Nos. 18 and 19 to defendant Hanna, and Hanna's

6

answers thereto, provide:

Interrogatory No. 18:  On February 16, 2012 during the unclothe[ed] body search of plaintiff at his housing unit cell door by you and Owens, did the plaintiff show you his medical chronos dated 8-16-11 issued by Dr. Dileo (i.e. CDC 7410 and 128-C3) attached as Exhibit C to the plaintiffs Second Amended Complaint as supporting documents.

Hanna's Response:  The responding party recalls that Plaintiff attempted to show him papers and/or chronos, at which time the responding party informed Plaintiff that he knew that Plaintiff was a DPM inmate and would be provided with assistance. The responding party did not actually inspect the papers and/or chronos, and cannot state with specificity which chronos were in Plaintiff's possession.

Interrogatory No. 19:  On February 16, 2012 during your unclothe[ed] body search of the plaintiff, did the plaintiff show you a copy of his CDC HDSP Medical chronos dated 2-14-12 issued by R. Miranda, a copy of which are attached to plaintiffs Second Amended Complaint as Exhibit "I" as forms CDC 1845 "DPP verification, 128-C3 medical Classification chrono, CDC 7410 accommodation chrono.

Hanna's Response:  The responding party recalls that Plaintiff attempted to show him papers and/or chronos, at which time the responding party informed Plaintiff that he knew that Plaintiff was a DPM inmate and would be provided with assistance. The responding party did not actually inspect the papers and/or chronos, and cannot state with specificity which chronos were in Plaintiff's possession.

Because Hanna's responses to Interrogatory Nos. 18 and 19 adequately provided the information sought by Requests for Admission Nos. 10 and 34, the motion to compel further responses to the latter will be denied.

b.  Requests for Admission Nos. 22 and 49 to Defendant Hanna

The disputed requests, and Hanna's responses, are as follows:

Request For Admission No. 22:  Please admit that as a correctional officer at HDSP in February 2012, that you could have obtained a wheelchair to move an inmate, including the plaintiff from one location to another at any time you deemed it necessary, with or without a medical chrono for a wheelchair.

Hanna's Response:  Objection. The request calls for speculation and is not calculated to lead to the discovery of admissible evidence.

Request For Admission No. 49:  Please admit that in 2012 at HDSP, that as a correctional Officer, you could have obtained a wheelchair, with or without a chrono, to move the plaintiff from his [] cell to the van, or for any other reason you deemed appropriate, at any time.

Hanna's Response:  Objection. The request is unduly burdensome and

7

1     harassing in that it is virtually identical to Request 22. The request calls
2     for speculation and is not calculated to lead to the discovery of admissible
      evidence.

3          Plaintiff contends that defendant Hanna improperly objected to Request Nos. 22 and 49,

4    by which plaintiff sought to demonstrate that defendant was "lazy," "did not want to be

5    bothered," and was therefore deliberately indifferent to plaintiff's need for a wheelchair on

6    February 16, 2012.  See ECF No. 106 at 2.  Plaintiff avers that wheelchairs were routinely

7    available upon request at HDSP, and that a "reasonable person" in defendant's position "might

8    have obtained a wheelchair" for plaintiff.  ECF No. 96 at 5.

9          In opposition to plaintiff's motion, defendant Hanna maintains that his objections were

10   appropriate because the requested time frames ("February 2012" and "2012") were overly broad

11   and, even if limited to February 16, 2012, asked for a speculative response ("could have").

12         The court agrees that plaintiff's specified timeframes are overly broad in this context, but

13   otherwise overrules defendant Hanna's objections.  Plaintiff clearly seeks an admission that

14   Hanna had the *ability* to obtain a wheelchair for an inmate if he thought one was needed or

15   appropriate.  So construed, the request does not call for speculation and seeks relevant

16   information.  **Defendant Hannah will be required to respond to plaintiff's Requests for**

17   **Admission Nos. 22 and 49, limited to February 16, 2012 and construing "could have" to**

18   **mean "had the authority and ability to" obtain a wheelchair.**

19                      c.  Request for Admission No. 43 to Defendant Hanna

20         The request and response are as follows:

21         Request For Admission No. 43:  Please admit that on February [sic] 16,
           2012 when you[] parked the van to go into D8 to get plaintiff, that the van
22         was parked 100-150 feet from the plaintiffs cell.

23         Hanna's Response: Objection. The request is vague and ambiguous as to
           the terms "100-150 feet from the plaintiff's cell."  Without waiving this
24         objection, the responding party has made a reasonable inquiry, but the
           information available is insufficient to allow him to admit the request.

25

26         Plaintiff contends that defendant Hanna improperly objected to his Request No. 43

27   because "no inquiry is required" and even if it was, defendant could "measure it."  ECF No. 96 at

28   5-6.  Defendant argues that the request is vague because it asks for a range of distances; and that

                                              8

1  "[t]he potential prejudice to Hanna in responding to this request is clear . . . [because] Atcherly

2  would seize on this admission" at trial.  ECF No. 101 at 5.

3         Defendant's concession that this information is relevant indicates that defendant was less

4  than forthcoming in his response that, despite "a reasonable inquiry," the available information

5  was "insufficient."  Plaintiff asserts, at a minimum, that defendants "know the plaintiff had to

6  walk across the dayroom floor, across the rotunda floor just to get outside of the building[.]."

7  ECF No. 106 at 2.  However, even plaintiff concedes that there remain important variables, e.g.,

8  stating that "it may be true that defendants Hanna and Owens don't recall where they parked."

9  ECF No. 106 at 2.  Clearly, the distance that plaintiff was required to traverse on February 16,

10 2012 is highly relevant to the merits of this action.  However, it is equally clear that this

11 information will have to be established, or at least reasonably estimated, by objective means

12 independent of this admission request.  Therefore, defendant's objection to this request is

13 sustained.

14              2.  Requests for Admission Directed to Defendant Owens

15              a.  Request for Admission No. 11 to Defendant Owens

16        Plaintiff contends that defendant Owens should be required to admit or deny plaintiff's

17 Request for Admission No. 11, which defendant asserts was properly objected to for reasons

18 similar to those supporting defendant Hanna's response to plaintiff's Requests for Admission

19 Nos. 10 and 34.  However, unlike defendant Hanna, it does not appear that defendant Owens was

20 served with interrogatories requiring elucidation of his response to the challenged admission

21 request.  Plaintiff's Request No. 11 to defendant Owens, and defendant's response are as follows:

22         Request For Admission No. 11:  Please admit that when you went to pick
           the plaintiff up at his housing unit facility D8 on February 16, 2012, that
23         the plaintiff showed you a copy of his medical chronos and restrictions
           issued to him by KVSP and HDSP.
24

           Owens' Response:  The request is vague and ambiguous as to the terms
25         "copy of his medical chronos and restrictions," as multiple medical
           chronos had been issued to Plaintiff.
26

27 Defendant's objection is overruled.  The request does not ask defendant to distinguish among the

28 medical chronos issued to plaintiff, but whether defendant Owens recalls plaintiff showing him a

copy of his medical chronos and restrictions.  **Defendant Owens is directed to provide plaintiff with an amended response to his Request for Admission No. 11.**

b. <u>Request for Admission No. 12 to Defendant Owens</u>

Defendant Owens responded as follows to plaintiff's Request No. 12:

> <u>Request For Admission No. 12</u>:  Please admit that the distance from the plaintiffs cell on February 16, 2012 to the place where you parked the van on February 16, 2012 when you went to pick the plaintiff up for his court appearance, was approximately 150 feet in distance.

> <u>Owens' Response</u>:  The responding party has made a reasonable inquiry, but the information available is insufficient to allow him to admit the request.

This request and response are comparable to plaintiff's Request for Admission No. 43 directed to defendant Hanna, and Hanna's response thereto.  <u>See</u> discussion, <u>supra</u>.  In addition, in response to plaintiff's Interrogatory No. 10, discussed <u>infra</u>, defendant Owens stated that he did not recall where he parked the van on February 16, 2012.  For these reasons, defendant's objection to this request is sustained.

c. <u>Request for Admission No. 32 to Defendant Owens</u>

Plaintiff's Request No. 32, and defendant Owens' response are as follows:

> <u>Request For Admission No. 32</u>:  Please admit that ascending/ descending stairs of a bus, would be stairs in the path of travel as those terms generally imply.

> <u>Owens' Response</u>:  Objection.  The request is vague and ambiguous as to the terms "as those terms generally imply."  The request further is not calculated to lead to the discovery of admissible evidence, as this party did not escort Plaintiff to or from a bus.

Plaintiff concedes that defendant Owens did not escort him to or from a bus but asserts, too broadly, that Owens' response to this request "could lead to admissible evidence against other defendants."  <u>See</u> ECF No. 96 at 7.  Defendant Owens asserts, appropriately, that his lay opinion of the term "stairs in the path of travel," which appear in plaintiff's CDC 1845 Disability

////

////

////

10

Placement Program Verification prepared February 14, 2012, is irrelevant.[3]  While the meaning

and significance of the term "stairs in the path of travel" is relevant to plaintiff's claims, the

construction and application of the term are not appropriately made by defendant Owens.

Therefore, Owen's objection to this request is sustained.

### D. Interrogatories[4]

Plaintiff seeks further responses from defendant Owens to his Interrogatory Nos. 10, 13

and 17, and further responses from defendant Gricewich to his Interrogatory Nos. 19-21, 24-5.

### 1. Interrogatories Directed to Defendant Owens

#### a. Interrogatory No. 10 to Defendant Owens

Plaintiff's Interrogatory No. 10 to defendant Owens, and defendant's response are as

follows:

> Interrogatory No. 10:  Please state the distance from the plaintiff['']s cell
> on February 16, 2012 to the location where you and Hanna parked the

---

[3]  Defendant Owens explains, ECF No. 101 at 7:

> The meaning of the term "stairs in the path of travel" is significant
> in this case because P.A. Miranda issued a CDC 1845 Disability
> Placement Program Verification on February 14, 2012, which
> stated that Atcherley had a permanent disability impacting
> placement as mobility impaired, so that he requires a lower bunk,
> no triple bunk, and no stairs in path of travel.  (TAC, ECF No. 83 at
> 13:1-11, 114.)  Although Atcherley does not contend that Hanna
> and Owens forced him to climb stairs on February 16, 2012 (TAC,
> ECF No. 83 at 15:26-27), Atcherley alleges that, in connection with
> the return trip from HDSP to Kern Valley State Prison (KVSP) [on
> March 8, 2012], he was required by Defendants Rivas, Payne and
> Garcia to climb stairs in order to get into a bus.  (TAC, ECF No. 83
> at 19:4-20:17.)  CDCR, which prepared the CDC 1845 Disability
> Placement Program Verification form, has explained to Atcherley
> that the terms "stairs in the path of travel" refer to a disability
> impacting housing placement, and do not apply to arrangements for
> inmate transportation.  (Exhibit C, Answers to Interrogatories, Set 4
> at 2:25-26 [CDCR's Response to Interrogatory No. 15].)

[4]  Under the Federal Rules, "a party may serve on any other party no more than 25 written
interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).  "An interrogatory may
relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  Each
interrogatory must be answered by the party to whom it is directed or, if the party is a
governmental agency, by an officer or agent, and each interrogatory, unless objected to, must be
answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(1), (3).  Any objection
must state the grounds for objection "with specificity." Fed. R. Civ. P. 33(b)(4).

transportation van for the trip to the court.

> Owens' Response:  The responding party has made a reasonable inquiry and a diligent search but is unable to respond to the interrogatory, as he does not require [recall] precisely where the transportation van was parked on February 16, 2012.

For the reasons set forth in the analyses of plaintiff's Interrogatory No. 10 and Request for Admission No. 12 to Owens, and Request for Admission No. 43 to Hanna, defendant Owens' objection to this interrogatory is sustained.

### b.  Interrogatory Nos. 13 and 17 to Defendant Owens

Plaintiff asserts that "for the same reasons" defendant Owens should be required to answer Requests for Admission Nos. 11 and 12, he should be required to answer Interrogatory Nos. 13 and 17.  These interrogatories, and defendant Owens' responses, are as follows:

> Interrogatory No. 13:  On February 16, 2012 when you and Officer Hanna went to Facility D8 at HDSP to pick up inmate Atcherley for court, did he show you a copy of his medical chronos and granted (approved) accommodations.

> Owens' Response:  The responding party has made a reasonable inquiry but the information available to him is insufficient to allow him to respond.

> Interrogatory No. 17:  Please state whether or not the plaintiff showed you a copy of his medical chronos dated 8-16-11 and 2-14-12 on February 16, 2012 when you went to escort him out to court.  A copy (sic) of these chronos are attached to the plaintiffs second amended complaint as Exhibits "C" and "I".

> Owens' Response:  Objection.  The interrogatory is unduly burdensome and harassing, as it is virtually identical to Interrogatory 13, propounded previously.  Without waiving this objection, the responding party has made a reasonable inquiry but the information available to him is insufficient to allow him to respond.

Defendant's objections are overruled.  In Interrogatory No. 13, plaintiff asks defendant Owens whether, on February 16, 2012, plaintiff showed him copies of his medical chronos and accommodations, without further specification.  Responding to this interrogatory does not require "reasonable inquiry,' only recollection.  Assuming a positive answer to Interrogatory No. 13, Interrogatory No. 17 asks defendant Owens to review plaintiff's identified medical chronos and then state whether he recalls plaintiff presenting either or both of those particular chronos to

1  defendant on February 16, 2012.  A response to Interrogatory No. 17 requires review of

2  documents provided by plaintiff and defendant's recollection, not a "reasonable inquiry."

3  Defendant's current explanation that he "does not recall reviewing any medical chronos or

4  approved accommodations pertaining to Atcherley on February 16, 2012," ECF No. 101 at 9, is

5  both untimely asserted and overly broad, as the interrogatories ask only whether plaintiff

6  "showed" defendant the chronos, not whether defendant reviewed them.  **Defendant Owens is**

7  **directed to provide plaintiff with amended answers to his Interrogatory Nos. 13 and 17.**

8                           2.  <u>Interrogatories Directed to Defendant Gricewich</u>

9         Defendant Gricewich is identified in the TAC as a Classification and Parole

10  Representative at KVSP who allegedly failed to notify HDSP officials of plaintiff's disabilities

11  and authorization for special transportation for purposes of plaintiff's February 16, 2012 court

12  date, and for plaintiff's transfer from HDSP back to KVSP on March 8, 2012.  <u>See</u> TAC, ¶¶ 25,

13  129-30.  Plaintiff asserts that the following interrogatories are designed to "explore her

14  [Gricewich's] bias and if she has taken any action since the filing of this suit to retaliate against

15  the plaintiff who has still not been transferred [from KVSP] despite recommendations for transfer

16  for the past three years[.]"  ECF No. 106 at 4 (with minor edits); see also ECF No. 96 at 7-8.

17  The contested interrogatories fall within two categories.

18                         a.  <u>Interrogatory Nos. 19-21 to Defendant Gricewich</u>:

19         These interrogatories, and defendant Gricewich's responses, are as follows:

20            <u>Interrogatory No. 19</u>:  Please state whether or not the plaintiff has been

21            referred to the CSR [Classification Staff Representative] within the past
          two years for transfer out of KVSP.

22            <u>Gricewich's Response</u>:  Objection. The interrogatory is not calculated to
          lead to the discovery of admissible evidence.

23

24            <u>Interrogatory No. 20</u>:  Please state to where plaintiff has been endorsed by
          CSR to transfer to in the past t[wo] years, if anywhere and the date.

25            <u>Gricewich's Response</u>:  Objection. The interrogatory is not calculated to
          lead to the discovery of admissible evidence.

26

27            <u>Interrogatory No. 21</u>:  If plaintiff has been endorsed for transfer out of
          KVSP to another prison in the past two years, please state whether or not
          in retaliation, you have done anything to prolong plaintiffs stay at KVSP

28            or to prevent plaintiffs transfer.

> Gricewich's Response:  Objection. The interrogatory is not calculated to
> lead to the discovery of admissible evidence.

Defendant Gricewich's objections are sustained.   As defendant asserts, these interrogatories, served May 26, 2015, seek information concerning plaintiff's transfer status during the prior two years (beginning May 26, 2013), and therefore for a period commencing more than a year after the February-March 2012 events at issue in this case.  Interrogatory Nos. 19 and 20 are not limited to Gricewich's conduct or first-hand knowledge, and the requested information is presumably available to plaintiff in his central file.  Nor does the TAC challenge plaintiff's transfer status or allege that plaintiff was considered or approved for a transfer that was later denied.  Additionally, the TAC does not allege that defendant Gricewich engaged in any conduct that can reasonably be construed as retaliatory; hence Interrogatory No. 21 is also irrelevant.

### b. Interrogatory Nos. 24-5 to Defendant Gricewich:

Plaintiff's interrogatories, and defendant Gricewich's responses, are as follows:

> Interrogatory No. 24:  Have you ever provided a declaration for an inmate
> on any topic [?]

> Gricewich's Response:   Objection. The interrogatory is vague and
> overbroad and is not calculated to lead to the discovery of admissible
> evidence

> Interrogatory No. 25:  Have you ever provided a declaration for any
> CDCR employee including yourself on any topic and if so, how many
> times [?]

> Gricewich's Response:   Objection. The interrogatory is vague and
> overbroad and is not calculated to lead to the discovery of admissible
> evidence.

Defendants' objections are sustained.  Plaintiff argues that if defendant is compelled to answer these interrogatories, and if her answers indicate that she has provided more declarations in support of correctional officials than in support of inmates, then such answers would demonstrate Gricewich's bias in favor of correctional officials.  See ECF No. 96 at 8; ECF No. 106 at 4.  However, as defendant asserts, these interrogatories are not only overbroad as to subject

14

1    matter and time, and duplicative of other interrogatories answered by defendant Gricewich,[5] but

2    have no clear relevance to the matters in this case.

3        D.  Production Requests[6] to CDCR

4        Plaintiff moves for an order compelling further discovery from CDCR in response to his

5    Requests for Production Nos. 16 and 18, which seek copies of all reports and statements of any

6    defendant and/or witness who was interviewed pursuant to the investigation of plaintiff's

7    pertinent staff complaints, specifically, Appeal Log No. HDSP-C-12-00763 (concerning

8    plaintiff's allegations against, inter alia, defendants Hanna and Owens) and Appeal Log No. TU-

9    C-12-00009 (concerning plaintiff's allegations against, inter alia, defendants Wilson, Rivas, and

10   S. Garcia).  In response to these requests, CDCR conceded that it was in possession of relevant

11   information – specifically, Confidential Supplements prepared pursuant to the investigation of

---

[5]  Defendant Gricewich notes that she responded to following similar interrogatories:

> Interrogatory No. 4:  Have you ever provided testimony in any court case directly or by declaration as a CDCR employee on behalf of the CDCR, a co-worker or the pr[is]on to which you were assigned and if so, please state when and how often.

> Gricewich's Response:  Objection. The request is overbroad, compound, and is not calculated to lead to the discovery of admissible evidence. Without waiving this objection, the responding party states: the responding party does not recall providing testimony in court or by declaration as to the grant or denial of a request for special transportation.

> Interrogatory No. 5:  Have you ever provided testimony in any court case directly or by declaration as a CDCR employee on behalf of any inmate or prisoner.

> Gricewich's Response:  Objection. The request is overbroad, compound, and is not calculated to lead to the discovery of admissible evidence. Without waiving this objection, the responding party states: the responding party does not recall providing testimony in court or by declaration as to the grant or denial of a request for special transportation.

[6]  Rule 34 authorizes a party to serve on any other party with a request to produce documents, electronically stored information, or other tangible evidence, that is relevant within the definition set forth in Rule 26(b).  See Fed. R. Civ. P. 34(a)(1).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. . . . An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(B), (C).

15

each appeal – but objected to disclosing the information on confidentially grounds.[7]

In response to plaintiff's instant motion to compel, CDCR sought and obtained an order authorizing the filing of the Confidential Supplements under seal for purposes of this court's in camera review.  See ECF Nos. 114, 117-18.  CDCR asserts that the Supplements contain statements from inmate witnesses and non-party correctional officers, the disclosure of which may risk institutional safety and security, subject the individuals to threat of retaliation, and discourage future participation in the investigative process.[8]  See ECF No. 101 at 13; see also

---

[7]  The disputed requests, and defendant CDCR's responses, are as follows (emphasis added):

Request For Production No. 16:  Please provide the plaintiff with copies of all reports and statements made by any of the defendants and/or witnesses during the investigation of inmate appeal log # HDSP-C-12-00763 filed by the plaintiff, other th[a]n the appeal itsel[f].

CDCR's Response:   Objection.  The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).  **Without waiving these objections, the responding party is in possession of a Confidential Supplement to Appeal, Log Number HDSP-C-12-00763, dated April 13, 2012, which will not be produced.**

Request For Production No. 18:  Please provide plaintiff with a copy of any and all reports and statements made by defendants and/or witnesses during the investigation of inmate appeal log # TU-C-12-00009 filed by the plaintiff, other th[a]n the appeal itself.

CDCR's Response:   Objection.  The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).  **The responding party is in possession of recorded statements provided by CDCR Sgt. D. Wilson, A. Rivas, and S. Garcia, and a Confidential Supplement to Appeal, Log Number TU-C-12-00009, dated June 15, 2012, which will not be produced.**

[8]  CDCR regulations provide that an inmate appeal processed as a staff complaint shall be subject to a confidential appeal inquiry that shall remain undisclosed to the complaining inmate.  See Cal. Code Regs. tit. 15, § 3084.5(b)(4)(B); id., § 3084.9(i)(3); see also CDCR Operations Manual, Section 54100.25.2 (Processing of Staff Complaints).  See also Cal. Code Regs. tit. 15, § 3450(d) ("No inmate or parolee shall prepare, handle, or destroy any portion of a departmental record

16

1 | ECF No. 101-1 at 33-4, Ex. E (Decl. of D. Clark, HDSP Appeals Coordinator).

2 |     Plaintiff agreed with this court's in camera review of the Supplements and seeks their full

3 | disclosure, either directly to plaintiff or through appointed counsel.  See ECF No. 106 at 4.

4 |     The court has now reviewed the sealed Confidential Supplements and, for the reasons set

5 | forth below, finds that their disclosure directly to plaintiff is warranted, subject to limited

6 | redaction.

7 |     Rule 26(b), Federal Rules of Civil Procedure, requires the court to determine whether the

8 | need for disclosure of relevant nonprivileged discovery outweighs the burden associated with its

9 | disclosure.  "When discoverable information may give rise to institutional safety and security

10 | concerns, courts balance the need for the information and the extent the information compromises

11 | security to determine whether disclosure is warranted. . . .  A conclusory objection based on

12 | institutional security, however, is insufficient."  Rogers v. Giurbino, 288 F.R.D. 469, 480 (S.D.

13 | Cal. 2012) (internal citations omitted).

14 |     In the present case, as CDCR concedes, the proposed discovery is relevant to the subject

15 | matter of this action.  The Supplements reflect CDCR's investigation into the events challenged

16 | by plaintiff on February 16, 2012 and March 8, 2012, and include plaintiff's alleged recollection

17 | of the events and the related recollections of defendants Hanna, Owens, Wilson, Rivas, S. Garcia,

18 | and Gricewich.  The court finds these statements highly relevant both to plaintiff's claims and

19 | defendants' defenses because they reflect the testimony that each of these parties would likely

20 | provide in declarations or at trial.  "[C]onsidering the importance of the issues at stake in the

21 | action," and "the importance of the [proposed] discovery in resolving the issues," Fed. R. Civ. P.

22 | 26(b), as well as "the parties' relative access to relevant information [and] the parties' [respective[

23 | resources," id., the court finds that plaintiff should be permitted access to the Supplements.

24 |     The court has carefully considered CDCR's argument that disclosure of the Supplements

25 |

26 | containing confidential information as that term is defined in Section 3321."); id., § 3321(a)(1),
(2) (information that would endanger the safety of any person, if known to the inmate, or

27 | jeopardize the security of the institution, shall be classified as confidential).  This policy is
intended to promote full disclosure by staff and other inmates during investigations, and to guard

28 | against risks to individual and institutional security.

to plaintiff may jeopardize individual safety and undermine institutional security. However, CDCR has articulated only general risks associated with the requested disclosure. CDCR has not identified the Supplements in a privilege log, sought a protective order, or asserted an official information privilege. CDCR's request for in camera review did not include suggested redactions to address CDCR's concerns, other than advocating the nondisclosure of the identity of any inmate witness or non-party correctional officer (suggestions with which the court agrees). Thus framed, CDCR's safety and security arguments are not persuasive. The court's own review of the documents demonstrates that they contain no significant information that could undermine institutional security, and that any di minimis concern is outweighed by the relevance of the proposed discovery.

**Accordingly, subject to the following redactions, CDCR will be directed to produce the subject Confidential Supplements directly to plaintiff.** The court has considered and rejected the option of permitting only limited disclosure to plaintiff, e.g., as may be arranged by the KVSP Litigation Coordinator, because the Supplements, if redacted as directed herein, will contain no information that could reasonably pose a risk to institutional safety and security concerns.

**CDCR shall redact from the subject Confidential Supplements the following information:**

- **Both Confidential Supplements:**

  **Redact** the names, titles and signatures of the correctional officers designated "Assigned Reviewer" and the names, titles and signatures of the correctional officials designated "Hiring Authority."

- **Confidential Supplement to Appeal Log No. HDSP-C-12-00763, dated April 13, 2012:**

  No further redactions required of pages Confidential 001-002.

- **Confidential Supplement to Appeal Log No. TU-C-12-00009, dated June 15, 2012:**

  **Redact** the names, identifying information, and any information that may potentially identify, both inmate witnesses, and redesignate these witnesses "Inmate #1" and "Inmate #2."

  **Redact** the name (but not the identifying information) of the HDSP Classification and Parole Representative at page Confidential 010.

**Thereafter, within 21 days after the filing date of this order, CDCR shall serve**

**plaintiff with copies of the subject Confidential Supplements, redacted as directed here.**

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to strike, ECF No. 100, is denied without prejudice.

2.  Plaintiff's motion to compel further responses to discovery, ECF No. 96, is denied in part and granted in part, as follows:

a.  Defendant Hannah shall, within 21 days after the filing date of this order, provide plaintiff with an amended response to his Requests for Admission Nos. 22 and 49, as limited and construed above.

b.  Defendant Owens shall, within 21 days after the filing date of this order, provide plaintiff with amended responses to his Request for Admission No. 11, and Interrogatory Nos. 13 and 17.

c.  Defendant CDCR shall, within 21 days after the filing date of this order, produce documents responsive to plaintiff's Requests for Production Nos. 16 and 18, by serving plaintiff with copies of the Confidential Supplements referenced herein, redacted pursuant to the directions of the court.

DATED: January 5, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

19