UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | No. 2:13-cv-0576 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. HANNA, et al., | |
| Defendants. | |

      This prisoner civil rights action proceeds on plaintiff's Third Amended Complaint (TAC), ECF No. 83, against defendants California Department of Corrections and Rehabilitation (CDCR), High Desert State Prison (HDSP), and individual defendants Gricewich, Hanna, Owens, S. Garcia, Rivas, Wilson, Payne, Dangler and G. Garcia. Presently pending is plaintiff's motion for leave to file his proposed Fourth Amended Complaint, for the purpose of adding defendant Dmitri Hanlon, HDSP Correctional Case Records Manager, a previously designated "Doe" defendant. For the reasons that follow, plaintiff's motion will be granted, and defense counsel will be asked to determine whether he can waive service of process on behalf of Mr. Hanlon.

      Plaintiff is mobility impaired. This action rests on his allegations that in 2012 defendants transported him between prisons in regular vans without disability access or equipment, causing plaintiff pain and injuries. Plaintiff is pursuing claims under the Americans with Disabilities Act, the Rehabilitation Act, the First and Eighth Amendments to the United States Constitution, and

supplemental state law.  Plaintiff avers that he recently learned from defendant Dangler's responses to interrogatories that Mr. Hanlon was responsible for making arrangements to transport inmates from HDSP in 2012.  Mr. Hanlon was identified in the interrogatory responses served by defendant Dangler on March 28, 2016.  See ECF No. 124 at 9-10 (Response to Interrogatory 13).  Plaintiff avers that he received defendant Dangler's responses on April 1, 2016.  Plaintiff signed his motion to amend on April 7, 2016, and both his motion and proposed Fourth Amended Complaint were filed with the court on April 14, 2016.

The proposed Fourth Amended Complaint is nearly identical to the TAC with the exception that the title page and Paragraph 30 identify Mr. Hanlon as a defendant; some paragraphs have been added to reflect plaintiff's specific allegations against Mr. Hanlon, see e.g., Paragraph 74, ECF No. 125 at 18; and Mr. Hanlon is included in plaintiff's requested relief, see ECF No. 125 at 33.

When a plaintiff learns the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant.  Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).  Failure to afford a plaintiff such opportunity is error.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  A court should freely grant leave to amend a pleading when justice so requires.  Fed. R. Civ. P. 15(a)(2).  "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs."  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130, 1131 (9th Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004).  Facts alleged in an amended complaint "must not be inconsistent with those already alleged."  Lacey v. Maricopa County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.  Additionally, the district court may consider the factor of undue delay.  Undue delay by itself, however, is insufficient to justify denying a motion to amend."  Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

////

The undersigned finds good cause to grant plaintiff's motion for leave to file his proposed Fourth Amended Complaint to add newly-identified defendant, Mr. Hanlon. Such amendment is not futile and promotes the interests of justice, including that this action proceed against all defendants whom plaintiff reasonably alleges were responsible for the alleged violation of his rights. Plaintiff's motion was timely made, without evidence of undue delay or bad faith, and any prejudice to defendants will be di minimis.

Counsel for all other defendants is Mr. R. Lawrence Bragg, a Deputy Attorney General in the Office of the California Attorney General. Mr. Bragg will be asked to determine whether he can waive service of process on behalf of Mr. Hanlon and, if so, to file such waiver, then file an answer to the Fourth Amended Complaint on behalf of all defendants. Thereafter, the court will consider plaintiff's request for additional time to conduct discovery vis-a-vis Mr. Hanlon.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file his proposed Fourth Amended Complaint, ECF No. 124, is granted.

2. The Clerk of Court is directed to designate the Fourth Amended Complaint, ECF No. 125, as the operative complaint.

3. Defense counsel is requested to consult with Mr. Hanlon and, within twenty-one (21) days after the filing date of this order, to inform the court whether counsel waives service of process on behalf of Mr. Hanlon. If so, counsel shall simultaneously file such waiver and, within fourteen (14) days thereafter, file and serve an answer to the Fourth Amended Complaint on behalf of all defendants.

SO ORDERED.

DATED: April 22, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The discovery deadline in this action is April 29, 2016; the deadline for filing dispositive motions is July 29, 2016. See ECF No. 98.